UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

JANET R.,[1]

       Plaintiff,

  v.                                        20-CV-807-LJV
                                            DECISION & ORDER

COMMISSIONER OF SOCIAL
SECURITY,

       Defendant.
_____

On June 29, 2020, the plaintiff, Janet R. ("Janet"), brought this action under the Social Security Act ("the Act"). She seeks review of the determination by the Commissioner of Social Security ("Commissioner") that she was not disabled. Docket Item 1. On March 22, 2021, Janet moved for judgment on the pleadings, Docket Item 11; on June 8, 2021, the Commissioner responded and cross-moved for judgment on the pleadings, Docket Item 15; and on June 29, 2021, Janet replied, Docket Item 16.

For the reasons stated below, this Court grants Janet's motion in part and denies the Commissioner's cross-motion.[2]

---

[1] To protect the privacy interests of social security litigants while maintaining public access to judicial records, this Court will identify any non-government party in cases filed under 42 U.S.C. § 405(g) only by first name and last initial. Standing Order, Identification of Non-government Parties in Social Security Opinions (W.D.N.Y. Nov. 18, 2020).

[2] The Court assumes familiarity with the underlying facts, the procedural history, and the decision of the Administrative Law Judge ("ALJ") and refers only to the facts necessary to explain its decision.

**FACTUAL BACKGROUND**

Janet first filed for disability benefits under Title II of the Act on August 27, 2013. Docket Item 8 at 20, 359.  On June 13, 2016, an ALJ denied her claim.  *Id.* at 159-71. The ALJ determined that Janet's personality disorder, depression, and anxiety were severe mental impairments,[3] *id.* at 164, but concluded that Janet was not disabled between June 29, 2010, the alleged disability onset date, and June 30, 2012, her date last insured, *id.* at 171.

Janet then asked the Appeals Council to review the ALJ's decision denying benefits.  *Id.* at 282-83.  On October 20, 2017, the Appeals Council vacated the ALJ's decision and remanded the case.  *Id.* at 178-82.  The Appeals Council found that "the record is unclear regarding the nature and severity of [Janet's] mental impairments on or before her date last insured of June 30, 2012."  *Id.* at 180.  The Appeals Council therefore directed the ALJ to "[o]btain additional evidence concerning [Janet's] physical and mental impairments in order to complete the administrative record."  *Id.* at 181.

On remand, a different ALJ conducted a second hearing and, consistent with the instruction from the Appeals Council to obtain more evidence, considered the testimony of Richard Cohen, M.D.  *Id.* at 46-96.  Dr. Cohen testified that Janet suffered from major depressive disorder, anxiety disorder, and personality disorder between June 29, 2010, and June 30, 2012.  *Id.* at 54-56.  As a result, Dr. Cohen said, Janet had "moderate" limitations in understanding, remembering, or applying information; interacting with others; concentrating, persisting, and maintaining pace; and adapting and managing

---

[3] The ALJ also determined that Janet had a severe physical impairment: a partial rotator cuff tear in her right shoulder.  Docket Item 8 at 164.

herself.[4]  Id. at 56-57.  Dr. Cohen also opined that Janet had impairments in a number of work-related functions, including a "marginal ability to adapt to stress at work."  Id. at 58, 60-62.

The ALJ assigned "little weight" to Dr. Cohen's opinion, finding that Dr. Cohen "failed to cite to supporting evidence or otherwise adequately explain" his testimony.  Id. at 24.  The ALJ also discounted Dr. Cohen's opinion as "overly reliant upon the acute circumstance associated with [Janet's] hospitalization in November 2011."  Id. at 30.  Although the ALJ noted that Janet "clearly had significant issues" at the time of her hospitalization, he determined that the "relatively benign" findings from subsequent examinations showed that these "significant issues" were "short[ ]lived."  Id.

The ALJ concluded that Janet did not have a severe mental impairment between June 29, 2010, and June 30, 2012, and therefore denied Janet's application for benefits.  Id. at 23-27, 32.  The Appeals Council subsequently denied Janet's request for review of that decision.  Id. at 9-11.

## STANDARD OF REVIEW

"The scope of review of a disability determination . . . involves two levels of inquiry."  Johnson v. Bowen, 817 F.2d 983, 985 (2d Cir. 1987).  The court "must first decide whether [the Commissioner] applied the correct legal principles in making the determination."  Id.  This includes ensuring "that the claimant has had a full hearing

---

[4] Dr. Cohen first testified that Janet had "mild" limitations in "[u]tilizing and imparting information" and in social functioning, see Docket Item 8 at 56; he later said that Janet had "moderate" limitations in these areas, see id. at 57.  The ALJ apparently understood Dr. Cohen's opinion to be the one expressed in his later testimony.  See id. at 24.

under the . . . regulations and in accordance with the beneficent purposes of the Social Security Act." *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (alterations omitted) (quoting *Cruz v. Sullivan*, 912 F.2d 8, 11 (2d Cir. 1990)).  Then, the court "decide[s] whether the determination is supported by 'substantial evidence.'" *Johnson*, 817 F.2d at 985 (quoting 42 U.S.C. § 405(g)).  "Substantial evidence" means "more than a mere scintilla.  It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)).  "Where there is a reasonable basis for doubt whether the ALJ applied correct legal principles, application of the substantial evidence standard to uphold a finding of no disability creates an unacceptable risk that a claimant will be deprived of the right to have her disability determination made according to the correct legal principles." *Johnson*, 817 F.2d at 986.

## DISCUSSION

Janet argues that the ALJ erred in finding that her mental health impairments were not severe and in constructing her residual functional capacity ("RFC").  Docket Item 11-1.  More specifically, she argues that the ALJ improperly discounted the testimony and opinion of Dr. Cohen in making his decision.  *Id.* at 20-21.  And Janet contends that the ALJ did not comply with the Appeals Council's "order[] . . . to take testimony from a medical expert regarding the nature and severity of [Janet's] mental impairments." *Id.* at 21.

This Court agrees that the ALJ erred.  Because the error was to Janet's prejudice, the Court remands the matter to the Commissioner.

I.  **DR. COHEN'S OPINION**

When determining a plaintiff's RFC, an ALJ must evaluate every medical opinion received "[r]egardless of its source." 20 C.F.R. § 404.1527(c). That evaluation requires the ALJ to resolve "[g]enuine conflicts" among the sources. *Burgess v. Astrue*, 537 F.3d 117, 128 (2d Cir. 2008) (citation omitted). And before an ALJ may deny a claimant's application, he must "confront the evidence in [the claimant's] favor and explain why it was rejected." *Thomas v. Colvin*, 826 F.3d 953, 961 (7th Cir. 2016).

"[O]nly 'acceptable medical sources' can be considered treating sources . . . whose medical opinions may be entitled to controlling weight. 'Acceptable medical sources' are further defined (by regulation) as licensed physicians, psychologists, optometrists, podiatrists, and qualified speech-language pathologists." *Genier v. Astrue*, 298 F. App'x 105, 108 (2d Cir. 2008) (quoting 20 C.F.R. § 416.913(a) and SSR 06-03P, 2006 WL 2329939, at *2 (Aug. 9, 2009)). But an ALJ must at least consider the opinions of "other sources," 20 C.F.R. § 404.1527(c), even if the ALJ is "free to discount" such opinions "in favor of the objective findings of other medical doctors," *see Genier*, 298 F. App'x at 108-09.[5]

Moreover, the ALJ should explain the weight assigned to the opinions of "other sources" that "may have an effect on the outcome of the case," 20 C.F.R. §

---

[5] As Janet acknowledges, "Dr. Cohen did not examine or treat [her]." Docket Item 16 at 7. His opinion therefore is not entitled to "controlling weight" under the "treating physician" rule. *See* 20 C.F.R. § 404.1527(c)(2). Nevertheless, because Dr. Cohen offered a "medical opinion"—that is, a statement from an acceptable medical source that "reflect[s] judgments about the nature and severity of [the claimant's] impairment(s), including [] symptoms, diagnosis and prognosis, what [the claimant] can still do despite impairment(s), and [] physical or mental restrictions," 20 C.F.R. § 404.1527(a)(1)—the ALJ was obligated to apply the section 404.1527(c) factors before assigning weight to Dr. Cohen's opinion. And that is especially so here given the

5

404.1527(f)(2), in a way that "allows a claimant or subsequent reviewer to follow the [ALJ's] reasoning," SSR 06-03P, 2006 WL 2329939, at *6.  In other words, the ALJ "must provide an 'accurate and logical bridge' between the evidence and the conclusion that the claimant is not disabled, so that . . . 'a reviewing court . . . may assess the validity of the agency's ultimate findings and afford [the] claimant meaningful judicial review.'"  *Craft v. Astrue*, 539 F.3d 668, 673 (7th Cir. 2008) (third alteration in original) (quoting *Young v. Barnhart*, 362 F.3d 995, 1002 (7th Cir. 2004)).

20 C.F.R. § 404.1527(c) enumerates several factors that the ALJ should consider in determining the weight given to the opinion of an "other source":

> [1] the length and frequency of the treating relationship; [2] the nature and extent of the relationship; [3] the amount of evidence the source presents to support his or her opinion; [4] the consistency of the opinion with the record; [5] the source's area of specialization; [6] and any other factors the claimant brings to the ALJ.

*Tolliver v. Astrue*, 2013 WL 100087, at *3 (W.D.N.Y. Jan. 7, 2013) (citations omitted).  Using those factors to articulate the ALJ's reasoning is more than just a good idea.  In *Tolliver*, for example, the court remanded when the ALJ failed to use those factors to explain why he assigned little weight to the opinion of a nurse practitioner who saw the patient far more frequently than did the treating physician.  *Id.*; *cf. Estrella v. Berryhill*, 925 F.3d 90, 96 (2d Cir. 2019) (holding that "[a]n ALJ's failure to 'explicitly' apply the [section 404.1527(c)] factors when assigning weight" to a treating source opinion "is a

---

Appeals Council's direction to obtain additional medical evidence and the fact that Dr. Cohen was retained to provide that evidence.

6

procedural error" (quoting *Selian v. Astrue*, 708 F.3d 409, 418 (2d Cir. 2013) (per curiam))).

Here, the ALJ erred in failing to adequately consider the section 404.1527(c) factors before assigning "little weight" to Dr. Cohen's opinion. Although the ALJ ostensibly discounted Dr. Cohen's opinion because Dr. Cohen was "overly reliant" on Janet's records from her November 2011 hospitalization, *see* Docket Item 8 at 30, Dr. Cohen testified that he also considered records from well after her hospitalization, including treatment records from CMH Counseling. *See id.* at 57 (explaining that he relied on "the CMH [C]ounseling [records] afterwards to explain things [and] to put things together"). Janet was treated at CMH Counseling from 2013 to 2019, *see id.* at 857-71, 877-93, 938-54, 974-1021, 1360-77, 1413-15, 1435-44, 1474-76, and the treatment notes from those appointments often reflect that Janet presented with a depressed or anxious mood, *see, e.g.*, *id.* at 866-71. But the ALJ not only failed to acknowledge that Dr. Cohen relied on those records, he did not even mention those records in his decision. *See id.* at 24. The ALJ therefore failed to adequately consider "the amount of evidence [Dr. Cohen] present[ed] to support his . . . opinion." *Tolliver*, 2013 WL 100087, at *3 (citation omitted). And because the ALJ did not fully consider the evidence supporting Dr. Cohen's opinion, the ALJ could not appreciate "the consistency of [his] opinion with the record." *Id.* (citation omitted).

"Because the ALJ procedurally erred, the question becomes whether a searching review of the record assures [this Court] that . . . the record otherwise provides 'good reasons' for assigning 'little weight'" to Dr. Cohen's opinion. *See Estrella*, 925 F.3d at 96 (internal quotation marks omitted) (quoting *Halloran v. Barnhart*, 362 F.3d 28, 32 (2d.

Cir 2004)); *see also Zabala v. Astrue*, 595 F.3d 402, 409 (2d Cir. 2010) (declining remand where "application of the correct legal principles to the record could lead [only to the same] conclusion"). The Court finds no such assurance here. Indeed, had the ALJ considered the full basis for Dr. Cohen's opinion, and especially the CMH Counseling records, he very well may have afforded it more weight.

For example, treatment notes from Judy Brenner, L.C.S.W., who saw Janet at CMH Counseling, reflect that Janet "stated she [was] 'really down'" and that she found it "still hard [to] cop[e]." Docket Item 8 at 871 (September 2013). Those notes further reflect that Janet "presented [as] struggling with anxiety[,] depression[,] bereavement, fear, self-doubt, insecurity[, and] guilt." *Id.* Later records from CMH Counseling likewise reflect that Janet often presented with an anxious or depressed mood. *See, e.g.*, *id.* at 878-93 (March-August 2014). Had the ALJ considered these records, he therefore may well have concluded that Dr. Cohen based his opinion on more than the "short-lived" issues surrounding Janet's November 2011 hospitalization.

To be sure, there are records suggesting that Janet's condition improved after her date last insured in 2012. For example, in March 2016, Janine Ippolito, Psy. D., found only "mild" restrictions in Janet's ability to "[c]arry out complex instructions" and "make judgments on complex work-related decisions," and concluded that Janet could "manage benefits in []her own best interest."[6] *Id.* at 1045-47. Likewise, an October 2013 mental residual functional capacity assessment signed by Lori Haspett, N.P.,

---

[6] Dr. Ippolito also noted that Janet was moderately limited in her ability to "appropriately deal with stress." Docket Item 8 at 1037. The ALJ determined that this portion of her opinion was entitled to "little weight" because it was "largely unexplained by the record." *Id.* at 31.

found that Janet was not significantly limited in most areas. *Id.* at 794-96. The ALJ gave these opinions "some weight" and "significant weight" and concluded that their "benign" findings were inconsistent with Dr. Cohen's opinion. *Id.* at 24, 30-31. But even crediting the ALJ's assessment that these records reflect either "mild functional limitations"—or the "absence of limitations" entirely—in 2013 and afterwards, *see id.* at 31, that does not mean that Dr. Cohen's opinion about Janet's mental health impairments between 2010 and 2012 was invalid. After all, the question is not whether Janet's mental health impairments *never* improved, but whether her impairments improved prior to her date last insured in June 2012.

If the ALJ could not determine *when* the "significant" mental health issues from Janet's November 2011 hospitalization ended—that is, whether they ended before or after the date last insured—he should have further developed the record. *See Rosa v. Callahan*, 168 F.3d 72, 79 (2d Cir. 1999) ("[W]here there are deficiencies in the record, an ALJ is under an affirmative obligation to develop a claimant's medical history 'even when the claimant is represented by counsel or . . . by a paralegal.'" (quoting *Perez v. Chater*, 77 F.3d 41, 47 (2d Cir. 1996))). But without further information on Janet's mental health condition between 2010 and 2012, this Court only can speculate as to whether the ALJ was correct in determining that Dr. Cohen's opinion was inconsistent with these later records.

In sum, the ALJ inappropriately discredited Dr. Cohen's opinion and that error was not harmless. For that reason, remand is required.

## II.     THE APPEALS COUNCIL REMAND

After determining that Dr. Cohen's opinion was entitled to little weight, the ALJ effectively had no opinion regarding Janet's mental health impairments between 2010 and 2012.[7]  What is more, by discounting Dr. Cohen's opinion, the ALJ was left with what the first ALJ had to evaluate Janet's mental health—a record that the Appeals Council found inadequate.  The ALJ therefore also erred by failing to comply with the Appeals Council's prior remand order.

Under the Commissioner's regulations, an ALJ deciding an application for disability benefits on remand "shall take any action that is ordered by the Appeals Council and may take any additional action that is not inconsistent with the Appeals Council's remand order."  20 C.F.R. § 404.977(b).  "Accordingly, an 'ALJ's failure to comply with the Appeals Council's order constitutes legal error, and necessitates a remand.'"  *Purpura v. Comm'r of Soc. Sec.*, 2020 WL 6128038, at *2 (W.D.N.Y. Oct. 19, 2020) (quoting *Scott v. Barnhart*, 592 F. Supp. 2d 360, 371 (W.D.N.Y. 2009)); *see also Lee v. Barnhart*, 2006 WL 3370524, at *9, *12 (W.D.N.Y. Nov. 16, 2006) (citing 20 C.F.R. § 404.977(b)) (remanding after concluding that "the ALJ failed to fully comply with the Appeals Council's order").

On remand, the ALJ noted that the Appeals Council "directed the undersigned to[] . . . obtain evidence from a medical expert as to the nature and severity of [Janet's] mental . . . impairments."  Docket Item 8 at 20.  For that very reason, Dr. Cohen testified

---

[7] The ALJ also evaluated two global assessment of functioning scores from 2011, but he noted that these scores "do not provide a reliable longitudinal picture of the claimant's mental functioning for a disability analysis" and therefore "are not intended for . . . an assessment of disability."  Docket Item 8 at 31.  So they added little if anything to the ALJ's analysis.

10

at the hearing and offered an opinion "concerning [Janet's] . . . mental impairments in order to complete the administrative record." *Id.* at 181.  But the ALJ then gave Dr. Cohen's opinion little weight, thereby discounting the opinion specifically obtained to comply with the remand order and "complete the administrative record."  *Id.*

The Appeals Council directed the ALJ to obtain additional medical evidence not as a formality or technicality but precisely because "the record [was] unclear regarding the nature and severity of [Janet's] mental impairments on or before her date last insured of June 30, 2012."  *Id.* at 180.  Obtaining and then discounting that medical evidence did not clarify that record in any way.  In other words, the record before the ALJ remained just as unclear as before regarding Janet's mental health impairments. And without an adequately developed record, the ALJ on remand could not have conducted "[f]urther evaluation of the severity of [Janet's] mental impairments."  *Id.*

The ALJ therefore did not comply with the Appeals Council's order to gather additional evidence to "[f]urther evaluat[e] [] the severity of [Janet's] mental impairments" on remand.  *Id.* at 180.  Because "an ALJ's failure to comply with the Appeals Council's order constitutes legal error[] and necessitates a remand," remand is warranted for this reason as well.  *Purpura*, 2020 WL 6128038, at *2 (citation and internal quotation marks omitted).

## CONCLUSION

In sum, the ALJ erred in assessing Dr. Cohen's opinion and in failing comply with the Appeals Council's order, and those errors prejudiced Janet.  Either of those errors would warrant remand here.  *See Manuel v. Comm'r of Soc. Sec.*, 2020 WL 2703442, at *4 (W.D.N.Y. May 26, 2020) (remanding where the ALJ failed to consider an opinion

11

that "could have resulted in a finding of disability . . . if given weight by the ALJ" (citation omitted)).

This Court therefore remands the matter for the ALJ for reconsideration of Dr. Cohen's opinion. On remand, the ALJ also should consider the Appeals Council's prior directive. The Court "will not reach the remaining issues raised by [Janet] because [they] may be affected by the ALJ's treatment of this case on remand." *Watkins v. Barnhart*, 350 F.3d 1297, 1299 (10th Cir. 2003).

The Commissioner's motion for judgment on the pleadings, Docket Item 15, is DENIED, and Janet's motion for judgment on the pleadings, Docket Item 11, is GRANTED in part and DENIED in part. The decision of the Commissioner is VACATED, and the matter is REMANDED for further administrative proceedings consistent with this decision.

SO ORDERED.

Dated:   December 14, 2021
         Buffalo, New York

                                              */s/ Lawrence J. Vilardo*
                                              LAWRENCE J. VILARDO
                                              UNITED STATES DISTRICT JUDGE